IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZOFIA PAPASTEFAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12 C 4926 |
| ) | |
| STEVE WALLACE, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Plaintiff Zofia Papastefan ("Papastefan") alleges that she was sexually harassed by defendant Steve Wallace ("Wallace") while she performed cleaning services at Chicago's "City Hall" for her employer, defendant Triad Consulting Services ("Triad"). (*See* Dkt. No. 45 ("3d Am. Compl.").) At this point in the litigation, Papastefan has settled her Title VII claims against Triad, (*see* Dkt. No. 61), leaving only one remaining state law claim against Wallace for intentional infliction of emotional distress ("IIED").

Before the court is Wallace's "Motion to Dismiss," (Dkt. No. 62), in which Wallace asks the court to relinquish its jurisdiction over the sole remaining state law claim in this case pursuant to 28 U.S.C. § 1367(c)(3). For the reasons set forth below, Wallace's motion is granted and Papastefan's IIED claim is dismissed without prejudice.

LEGAL STANDARD

Section 1367(c) provides that a district court "may decline to exercise supplemental jurisdiction" over pending state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "Generally, when a court has

1

dismissed all the federal claims in a lawsuit before trial, it should relinquish jurisdiction over supplemental state law claims rather than resolve them on the merits." *Cortezano v. Salin Bank & Trust Co.*, 680 F.3d 936, 941 (7th Cir. 2012) (citing *Miller v. Herman*, 600 F.3d 726, 738 (7th Cir. 2010)). "The presumption is rebuttable, 'but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law.'" *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012) (quoting *Khan v. State Oil Co.*, 93 F.3d 1358, 1366 (7th Cir. 1996)).

Under Seventh Circuit precedent, there are "three acknowledged exceptions" to the presumption that the district court should relinquish jurisdiction over remaining state law claims once all federal claims have been dismissed before trial: "(1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) . . . it is absolutely clear how the pendent claims can be decided." *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514-15 (7th Cir. 2009) (internal quotation marks omitted). Ultimately, "a district court is never required to relinquish jurisdiction over state law claims merely because the federal claims were dismissed before trial," as long as the court "make[s] a considered determination of whether it should hear the claims." *Miller*, 600 F.3d at 738. If the court decides to relinquish its jurisdiction over the remaining state law claims, "the proper course [is] to dismiss them without prejudice." *Harvey v. Town of Merrillville*, 649 F.3d 526, 533 (7th Cir. 2011).

## ANALYSIS

Papastefan argues that this court should retain jurisdiction over her IIED claim "based on the principle of judicial economy." (Dkt. No. 65 ("Pl.'s Resp.") at 4.) While judicial economy is

a proper factor for the court to consider, in this case the court has not committed "substantial judicial resources" to the resolution of Papastefan's IIED claim. *See Sharp Elecs. Corp.*, 578 F.3d at 515.

Since Papastefan's lawsuit was filed on June 21, 2012, less than one year ago, the court has addressed five preliminary motions: one motion for an extension of time, (Dkt. No. 10), two motions for leave to file an amended complaint, (Dkt. Nos. 15, 39), one agreed motion for leave to file an additional appearance, (Dkt. No. 24), and one motion to withdraw as attorney, (Dkt. No. 46). The court also denied Wallace's motion for sanctions without prejudice, (Dkt. No. 26), in a docket entry noting that the merits of the motion were "inextricably intertwined with the merits of plaintiff Zofia Papastefan's IIED claim." (Dkt. No. 35.) The court also issued a three-page ruling denying Wallace's motion to dismiss, (Dkt. No. 19), concluding that "Wallace's arguments are based on details not included in the Second Amended Complaint . . . [and] depend[ ] on development of the factual record," and that these arguments were therefore "better addressed at the conclusion of fact discovery." (Dkt. No. 44 at 2-3.)

This court held one status hearing for purposes of addressing entering a case management order (Dkt. No. 53) and one hearing for purposes of setting a briefing schedule on the pending motion. Magistrate Judge Jeffrey T. Gilbert held an initial status hearing, as well as a hearing two months later on the general progress of discovery. (Dkt. Nos. 56, 58.) Discovery has not proceeded past the initial stages of written discovery. (*See* Dkt. No. 66 ("Def.'s Reply") at 3.)

Based on the above re-cap, this case is easily distinguishable from *Miller Aviation v. Milwaukee County Bd. of Supervisors*, 273 F.3d 722, 731 (7th Cir. 2001), cited by Papastefan, in which the district court "considered 22 motions, held 9 hearings, and issued 19 orders" over a period of five years, including a 71-page memorandum opinion "demonstrat[ing] a mastery of

the minutiae of airport administration, aviation commerce, as well as the inner workings of the various decision-making processes within Milwaukee County's government." *Miller Aviation*, 273 F.3d at 732.

Ultimately, this court agrees with Wallace that the general presumption in favor of relinquishing jurisdiction applies to this case, with no recognizable exception.

## CONCLUSION

For the reasons set forth above, defendant Steve Wallace's "Motion to Dismiss" (Dkt. No. 62) is granted and this court relinquishes its jurisdiction over the sole remaining state law claim in this case pursuant to 28 U.S.C. § 1367(c)(3). Zofia Papastefan's IIED claim is dismissed without prejudice. Civil case terminated.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: May 2, 2013